UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA McKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:05CV182 HEA |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint, [#7], which was filed by Defendant on November 3, 2005. To date, Plaintiff has not responded to the motion. For the reasons set forth below, Defendant's motion is granted.

### Facts and Background

Plaintiff, Linda McKinley, brings this action based on the injuries she suffered as a result of Defendant Wal-Mart Stores, Inc.'s installation of tires on Plaintiff's vehicle. Plaintiff originally filed this cause on August 26, 2005, in the Circuit Court of the County of Cape Girardeau, Missouri, and the action was removed to this Court in October, 2005.

Plaintiff alleges in her State Petition that on May 16, 2001, Plaintiff took her vehicle to the Wal-Mart Tire & Lube Express in Cape Girardeau, Missouri to have her

oil changed. The Wal-Mart Tire & Lube Express was operated by Defendant. Defendant advised Plaintiff that her vehicle's tires had poor tread depth, and at the urging of Defendant, Plaintiff purchased two new tires for her vehicle, a 1992 Aerostar van. Plaintiff alleges that Defendant negligently and carelessly installed and improperly mounted the tires, causing the tires to suddenly lose air pressure while Plaintiff was driving. Plaintiff lost control of her vehicle, which resulted in serious and permanent personal injuries to Plaintiff and property damage.

Plaintiff's State Petition alleges negligence (Count I), breach of express warranty (Count II), and breach of implied warranty (Count III). Defendant moves to dismiss Counts II and III of Plaintiff's Complaint against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Id.; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be

liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).

**Discussion**

Defendant contends Counts II and III of Plaintiff's Complaint should be dismissed because the allegations contained in such counts are insufficient to state a claim upon which relief can be granted. Defendant argues that Counts II and III of Plaintiff's Petition are barred by the applicable Missouri statutes of limitations for breach of warranty actions. The statute of limitations in Missouri for breach of warranty actions for the sale of goods is four (4) years from the date of accrual of the action. MO. REV. STAT. § 400.2-725(1) (1994). A breach of warranty action accrues when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered. MO. REV. STAT. § 400.2-725(2) (1994); *see also Ouellette Machinery Systems, Inc. v. Clinton Lindberg Cadillac Co.,* 60 S.W.3d 618 (Mo. App. 2001);

*Schneider v. G. Gulliams, Inc.,* 976 S.W.2d 522 (Mo. App. 1998).

Plaintiff alleges in her Petition that delivery and installation of the tires took place on May 16, 2001. The Petition, however, was not filed until August 26, 2005, more than four years from the accrual of the action. Plaintiff failed to respond to Defendant's motion, and has therefore failed to argue that the breach occurred at any time other than the date of delivery and installation. Therefore, Defendant's arguments are well-taken, and Plaintiff's breach of warranty claims in Counts II and III are barred by the applicable Missouri statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint, [#7], is granted;

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including January 6, 2005 to file an Amended Complaint in this matter consistent with this order.

Dated this 8th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE